In re Tom ANDERSON and Georgia Anderson, husband and wife, owners of the motor vessel "Georgie Girl," Plaintiffs,

In a Cause for Exoneration from or Limitation of Liability.

Tom ANDERSON and Georgia Anderson, husband and wife, owners of the motor vessel "GEORGIE GIRL," Plaintiffs,

v.

Stephen HANSON and Frances Hanson, husband and wife, and Gulf Insurance Company, a Missouri corporation, Defendants.

Stephen HANSON and Frances Hanson, husband and wife, Leo Haglund and Willi Haglund, husband and wife, State Farm Fire & Casualty Company, an Illinois corporation, GRE Insurance Group, Albany Insurance Company, Washington International Insurance Company, Gulf Insurance Company, a Missouri corporation, St. Paul Fire and Marine Insurance Company, Unigard Insurance Group, and United Services Automobile Association, Claimants/Third–Party Plaintiffs,

v.

JANTZEN BEACH CHEVRON, INC., Third–Party Defendant.

Civ. Nos. 92–1632–FR, 93–926–FR.

United States District Court, D. Oregon.

Sept. 13, 1995.

Jay R. Chock, Smith, Freed, Heald & Chock, P.C., Portland, OR, for Plaintiffs.

Robert J. Ericsson and Nena Cook, Ericsson & Associates, P.C., Portland, OR, for Stephen and Frances Hanson and Gulf/Seahorse Insurance Group.

Guy C. Stephenson and Darien S. Loiselle, Schwabe, Williamson & Wyatt, Portland, OR, for GRE Insurance Group, Albany Insurance Company and Washington International Insurance Co.

Timothy R. Volpert, and Davis Wright Tremaine, Portland, OR, and Mark S. Anderson, Cozen and O'Connor, Seattle, WA, for St. Paul Fire and Marine Insurance Company, USAA Insurance Company, and Unigard Insurance Company.

John Folawn and Robert Lane Carey, Lane Powell Spears Lubersky, Portland, OR, for Jantzen Beach Chevron.

FRYE, Judge:

The matters before the court are 1) the motion of Stephen Hanson and Frances Hanson and Gulf/Seahorse Insurance Company to strike the jury demand of third-party defendant Jantzen Beach Chevron, Inc. (# 209); and 2) the motion of St. Paul Fire and Marine Insurance Company, Unigard Insurance Group, and United Services Automobile Association to strike the jury demand of third-party defendant Jantzen Beach Chevron, Inc. (# 203).

## BACKGROUND

On May 17, 1992, a fire destroyed some sixteen vessels at the moorage facilities of the Hayden Island Yacht Club. The Hayden Island Yacht Club is located on the Columbia River, which is a navigable waterway. The plaintiffs, Tom Anderson and Georgia Anderson, the owners of the vessel "Georgie Girl," filed an action seeking exoneration from or a limitation of their liability for the damages caused by the fire. The claims of the plaintiffs arise under the admiralty and maritime jurisdiction of this court. Answers to the Andersons' actions and claims were filed in admiralty by numerous parties, including Stephen and Frances Hanson, Gulf/Seahorse Insurance Company, St. Paul Fire and Marine Insurance Company, United Services Automobile Association, and Unigard Insurance Group (hereinafter referred to as the "claimants").

The claimants filed a third-party claim in admiralty against Jantzen Beach Chevron, Inc., alleging that the propane tanks of the Andersons were filled to overflowing by Jantzen Beach Chevron thereby causing the fire aboard the "Georgie Girl."

On January 19, 1994, Jantzen Beach Chevron filed an answer to the third-party claim of the claimants, which includes a request for a jury trial.

## CONTENTIONS OF THE PARTIES

The claimants contend that Jantzen Beach Chevron is not entitled to a jury trial because the third-party claim filed against Jantzen Beach Chevron was properly filed under the admiralty jurisdiction of this court, which does not entitle Jantzen Beach Chevron to a trial by jury.

Jantzen Beach Chevron contends that the right to a jury trial is proper because the third-party claim filed by the claimants against Jantzen Beach Chevron is not subject to the admiralty jurisdiction of this court.

## APPLICABLE LAW

"[A] party seeking to invoke federal admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1) over a tort claim must satisfy conditions both of location and of connection with maritime activity." *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.,* — U.S. ——, ——, 115 S.Ct. 1043, 1048, 130 L.Ed.2d 1024 (1995).

The condition of location is satisfied when the incident occurred on navigable waters. *Id.* The condition of connection to maritime activity is determined by using a two-prong test: (1) did the incident have a potentially disruptive impact on maritime commerce; and (2) did the activity giving rise to the incident have a substantial relationship to traditional maritime activity. *Sisson v. Ruby,* 497 U.S. 358, 361–67, 110 S.Ct. 2892, 2895–98, 111 L.Ed.2d 292 (1990).

## ANALYSIS

The "Georgie Girl" was docked on the Columbia River, which is a navigable waterway.

The proper inquiry for the first prong of the test, to determine the connection to maritime activity, is to evaluate the potential for disruptive impact on maritime commerce. "[A] court must assess the general features of the type of incident involved to determine whether such an incident is likely to disrupt commercial activity." *Sisson,* 497 U.S. at 363, 110 S.Ct. at 2896.

The "Georgie Girl" caught fire while it was docked at the Hayden Island Yacht Club on the Columbia River. In *Sisson,* the United States Supreme Court stated: "[A] fire on a vessel docked at a marina on navigable waters—plainly satisf[ies] the requirement of potential disruption to commercial maritime activity." *Id.* at 363, 110 S.Ct. at 2896. The court finds that the first prong of the test to determine a connection to maritime activity is satisfied.

The proper inquiry for the second prong of the test, to determine the connection to maritime activity, is to evaluate the "activity" which gave rise to the incident and its substantial relationship to maritime activity. "Our cases have made clear that the relevant 'activity' is defined not by the particular circumstances of the incident, but by the general conduct from which the incident arose." *Id.* at 364, 110 S.Ct. at 2897.

The claimants contend that Jantzen Beach Chevron, by filling the propane tanks of the Andersons, directly furnished supplies to a vessel owner for use on a vessel in navigation and that such action constitutes maritime activity. Jantzen Beach Chevron contends that the filling of propane tanks on land does not constitute maritime activity.

The defendant in *Grubart* raised a similar issue regarding the liability of a land-based defendant. The Court in *Grubart* stated that:

Sisson did not require ... that there be a complete identity between the two [tortfeasors]. The substantial relationship test is satisfied when at least one alleged tortfeasor was engaging in activity substantially related to traditional maritime activity and

such activity is claimed to have been a proximate cause of the incident.

—— U.S. at ——, 115 S.Ct. at 1052.

The court concludes that the activities of the Andersons on the "Georgie Girl" were substantially related to maritime activity. As the *Sisson* Court stated, "storing ... a vessel at a marina on a navigable waterway is substantially related to traditional maritime activity." *Id.*, 497 U.S. at 367, 110 S.Ct. at 2898.

The second prong of the test, to show a substantial relationship between the general activity and maritime activity, is satisfied because Jantzen Beach Chevron sold propane gasoline to a vessel owner for use on a navigable waterway; the vessel was substantially related to maritime activity; and the vessel is alleged to be a proximate cause of the incident. The claimants have established all required steps to invoke the admiralty jurisdiction of this court over the third-party defendant, Jantzen Beach Chevron. As such, Jantzen Beach Chevron does not have the right to a jury trial in this action.

## CONCLUSION

The motion of the Hansons and Gulf/Seahorse Insurance Company to strike the jury demand of Jantzen Beach Chevron (# 209) is granted. The motion of St. Paul Fire and Marine Insurance Company, Unigard Insurance Group, and United Services Automobile Association to strike the jury demand of Jantzen Beach Chevron (# 203) is granted.